**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

RAMERE JAM MCCOY

        Plaintiff**,**

                                  **Case No.:** 13-cv-2007 KHV/DJW

v.

NCO FINANCIAL SYSTEMS, INC.,

        Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides within the Judicial District.

6. Defendant transacts business within this Judicial District.

7. The Defendant regularly collects debts by telephone and the mails within this Judicial District.

## PARTIES

8. Plaintiff Ramere Jam McCoy is a natural person.

9.  Plaintiff resides in the City of Wichita, County of Sedgwick, State of Kansas.

10. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692 et seq.

12. Defendant, NCO Financial Systems, Inc. is a foreign corporation.

13. Defendant's Kansas resident agent is The Corporation Company, Inc., 112 S.W. 7th

    Street, Suite 3C, Topeka, Kansas 66603.

14. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. The principal business of the Defendant is the collection of debts using the mails

    and telephone.

16. The Defendant regularly attempts to collect, directly or indirectly, debts owed or due

    or asserted to be owed or due another that arose out of transactions in which the

    money, property or services which are the subject of the transactions are primarily

    for personal, family or household purposes.

**FACTUAL ALLEGATIONS AND CAUSES OF ACTION**

17. Sometime prior to the filing of the instant action, the Plaintiff allegedly incurred a

    financial obligation that was primarily for personal, family or household purposes,

    (hereinafter the "Account"), namely a DTE Energy account, Defendant's account

    number VCQ272.

18. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. The Account went into default with the original creditor.

20. After the Account went into default the Account was placed or otherwise

    transferred to the Defendant for collection.

21.   The Plaintiff disputes the Account, in that he did not authorize the account.

22.   The Plaintiff requests that the Defendant cease all further communication on the Account.

23.   The Plaintiff requests that the Defendant validate the debt pursuant to 15 U.S.C. § 1692g.

24.   The Plaintiff is represented by the undersigned attorney regarding the subject debt.

25.   In the year prior to the filing of the instant action, including but not limited to May 2012, the Defendant mailed letters and placed telephone calls to Plaintiff at his home telephone #. This number will be provided to Defendant or counsel upon request in lieu of listing it here, to protect Plaintiff's privacy.

26.   Upon information and belief, Defendant possesses recordings of the content of telephone calls between Plaintiff and Defendant's representatives.

27.   Upon information and belief, Defendant kept and possesses written documentation and/or computer records of telephone calls and corresondence between Plaintiff and Defendant's representatives.

28.   The purpose of these communications was to attempt to collect the Account.

29.   The communications conveyed information regarding the Account directly or indirectly to the Plaintiff.

30.   The telephone calls and letters each individually constituted a "communication" as defined by FDCPA § 1692a(2).

31.     The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant made telephone calls to and mailed letters to the Plaintiff was to attempt to collect the Account.

32.     During the telephone calls representatives, employees and/or agents of the Defendant caused Plaintiff's telephone continuously to ring, multiple times per day, with the intent to annoy, abuse and harass Plaintiff in violation of 15 U.S.C. § 1692d preface and d(5), in that they continued to call after advised Plaintiff disputed the account and refused to pay.

33.     During the telephone calls representatives, employees and/or agents of the Defendant repeatedly engaged Plaintiff in conversation, multiple times per day, with the intent to annoy, abuse and harass Plaintiff in violation of 15 U.S.C. § 1692d preface and d(5), in that they continued to call after advised Plaintiff disputed the account and refused to pay.

34.     In written communication with Plaintiff, Defendant continued to collect the account after advised Plaintiff disputed the account and refused to pay, falsely stating that "[a] credit reporting agency has indicated that an inquiry has been made on your credit report," when the actual inquiry was made by Defendant, in violation of 15 U.S.C. § 1692e and f.

35.     Defendant failed to report the account as disputed to the agency.

36.      "The Act [FDCPA] is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

37.     "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." <u>Doshay v. Global Credit and Collection Corporation</u>, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

38.     The FDCPA is a remedial statute, it should be construed liberally in favor of the consumer. <u>Johnson v. Riddle</u>, 305 F.3d 1107, 1117 (10th Cir. 2002).

39.     The FDCPA allows the consumer to orally dispute a debt. <u>Camacho v. Bridgeport Financial Inc.</u>, 430 F.3d 1078, 1081 (9th Cir. 2005) and <u>Brady v. The Credit Recovery Company, Inc.</u>, 160 F.3d 64, 67 (1st Cir.1998).

40.     The FDCPA does not require the  consumer to  provide any reason at all in order to dispute a debt. <u>Sambor v. Omnia Credit Servs.</u>, 183 F.Supp. 2d 1234, 1240 (D. Haw. 2002).

41.     A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all. <u>Mendez v. M.R.S. Assoc.</u>, 2004 WL 1745779, page 2 (N.D.Ill. August 3, 2004).

42.      As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## **JURY TRIAL DEMAND**

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.     A judgment in favor of the Plaintiff and against the Defendant.

2.     Damages pursuant to 15 U.S.C. § 1692k(a).

3.     Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.     Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #20245
9400 Reeds Road Ste 210
Overland Park, KS 66207
mark@meinhardtlaw.com
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF